# IN THE COURT OF APPEALS OF IOWA

No. 24-0644
Filed October 1, 2025

**FREDERICK KEITH HOUWEN,**
    Plaintiff-Appellant,

**vs.**

**LINDY KAY McDANIEL,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Linn County, Christopher L. Bruns, Judge.

Frederick Houwen appeals the denial of his petition for relief from domestic abuse.  **APPEAL DISMISSED.**

Frederick Keith Houwen, self-represented appellant.

Rae M. Kinkead and Joseph J. Porter, Cedar Rapids, for appellee.

Considered without oral argument by Badding, P.J., Langholz, J., and Potterfield, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**POTTERFIELD, Senior Judge.**

Frederick Houwen appeals the denial of his petition for relief from domestic abuse. Because we determine this action is moot, we do not reach the claims Houwen raises on appeal, and we dismiss his appeal.

In January 2024, Frederick Houwen filed another of several petitions for relief from domestic abuse under Iowa Code chapter 236 (2024) against Lindy McDaniel. The district court declined Houwen's request for a temporary protective order and set the matter for hearing. After considering Houwen's testimony and reviewing the evidence, the district court entered an order dismissing Houwen's petition upon finding he was "not truly concerned for his safety" and an order of protection was "not necessary to prevent further domestic abuse." Notably, the court found that Houwen "has refused to vacate" McDaniel's home after their "relationship ended" the prior year, despite McDaniel's attempts to evict him; the court further observed "[t]he present case was initiated the same day as a failed attempt to evict [him] and in anticipation of further eviction attempts."[1]

Houwen appeals, raising several challenges to the court's dismissal of his petition. However, "[w]e begin with the threshold question of mootness." *Vasquez v. Iowa Dep't of Hum. Servs.*, 990 N.W.2d 661, 667 (Iowa 2023). In August 2024, after the challenged order was entered in this case, another court extended a criminal no-contact order issued between the parties to August 2029. Although the no-contact order is not part of our record on appeal, "[a]n appellate court may consider matters technically outside the district court record in determining a

---

[1] Houwen conceded he filed his initial chapter 236 petition "in combination" with the "arbitrary event" of McDaniel serving him with notice to leave her home.

question of mootness." *Id.* (citation omitted). And we have a duty to do so. *Homan v. Branstad*, 864 N.W.2d 321, 328 (Iowa 2015) ("It is our duty on our own motion to refrain from determining moot questions." (citation omitted)).

Under these facts and circumstances, we determine Houwen's claims are moot. *See, e.g.*, *Henson v. Fitzgerald*, No. 21-1231, 2022 WL 17481351, at *1 (Iowa Ct. App. Dec. 7, 2022) (finding the defendant's challenge to the imposition of a one-year no-contact order moot due to a five-year protective order that also barred contact with the plaintiff). Accordingly, we dismiss his appeal. *See Homan*, 864 N.W.2d at 328 (observing "a court will generally decline to hear a case when, because of changed circumstances, the court's decision will no longer matter").

**APPEAL DISMISSED.**